1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRINI B. MALDONADO,<br><br>            Plaintiff(s),<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION,<br><br>            Defendant(s). | 2:13-CV-1292 JCM (NJK) |

**ORDER**

Presently before the court is U.S. Bank National Association's ("U.S. Bank") motion to dismiss.  (Doc. # 4).  Plaintiff Trini Maldonado has filed a response (doc. # 12) and U.S. Bank has filed a reply (doc. # 17).

**I.      Background**

This is a mortgage foreclosure related action.[1]  On or about August 16, 2005, plaintiff obtained a loan from non-party Downey Savings and Loan Association ("Downey") in the amount of $126,000.  The loan was used for the purchase or refinance of the property located at 2965 Juniper Hills Blvd. # 202, Las Vegas, NV, 89142 ("the property").  In connection with the loan, plaintiff

---

[1]   The court must lean heavily on the documents provided by defendant to understand the factual background. Plaintiff's complaint provides very few specific facts. The court judicially recognizes all of the following documents: the deed of trust, the assignments of the deed of trust, the substitution of trustee, and the notice of breach and default and election to cause sale. *See Intri-Plex Technology, Inc. v. Crest Group, Inc*., 499 F.3d 1048, 1052 (9th Cir. 2007) ("A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment as long as the facts are not subject to reasonable dispute.").

**James C. Mahan**
**U.S. District Judge**

1   executed a promissory note and a deed of trust encumbering the property.

2          On or about November 15, 2006, Downey assigned the deed of trust to non-party Mortgage

3   Electronic Registration Systems ("MERS") as nominee for non-party Central Mortgage Company.

4   The assignment was recorded on December 18, 2006.

5          On or about February 13, 2012, MERS assigned the deed of trust to Central Mortgage.

6   Central Mortgage then substituted non-party MTC Financial as the trustee.  On February 12, 2013,

7   MTC financial recorded a notice of breach and default and a notice of election to cause sale.  The

8   notice of default states that, as of the date of the breach, plaintiff had failed to pay her mortgage in

9   the past due principal amount of $10,859.01.

10         Defendant U.S. Bank is the successor in interest to the FDIC as receiver for Downey.

11  Plaintiff asserts that the note was securitized into a mortgage back security ("MBS") of which

12  defendant is the trustee.

13  **II.     Legal Standard**

14         A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can

15  be granted."  FED. R. CIV. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

16  statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2); *Bell*

17  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual

18  allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

19  of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted).  "Factual

20  allegations must be enough to rise above the speculative level."  *Twombly*, 550 U.S. at 555.  Thus,

21  to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim

22  to relief that is plausible on its face."  *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

23         In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

24  considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations

25  in the complaint; however, legal conclusions are not entitled to the assumption of truth.  *Id.* at 1950.

26  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

27  suffice. *Id.* at 1949. Second, the court must consider whether the factual allegations in the complaint

28

**James C. Mahan**
**U.S. District Judge**

1   allege a plausible claim for relief. *Id.* at 1950. A claim is facially plausible when the plaintiff's

2   complaint alleges facts that allows the court to draw a reasonable inference that the defendant is

3   liable for the alleged misconduct. *Id.* at 1949.

4        Where the complaint does not permit the court to infer more than the mere possibility of

5   misconduct, the complaint has "alleged – but not shown – that the pleader is entitled to relief." *Id.*

6   (internal quotations omitted).  When the allegations in a complaint have not crossed the line from

7   conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

8   **III.   Discussion**

9        From what may be gathered from the *pro se* complaint and the reply prepared by counsel,

10  plaintiff seeks to assert claims for negligent and intentional misrepresentation.[2]

11        To state a claim for misrepresentation, a plaintiff must allege facts demonstrating that: (1)

12  the defendant made a false misrepresentation of a material fact; (2) the defendant knew or believed

13  the representation to is false, or had an insufficient basis for making the representation; (3) the

14  defendant intended to induce plaintiff to act or refrain from acting in reliance upon the

15  misrepresentation; (4) the plaintiff justifiably relied upon the misrepresentation; and (5) the plaintiff

16  was damaged from such reliance. *Bulbman, Inc. v. Nev. Bell*, 108 Nev. 105 (1992).

17        In addition, any claim for fraud must be pled with particularity under Federal Rule of Civil

18  Procedure 9(b). *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999).  To meet this standard,

19  plaintiffs must present details regarding the "time, place, and manner of each act of fraud, plus the

20  role of each defendant in each scheme." *Lancaster Com. Hosp. V. Antelope Valley Hosp. Dist.*, 940

21  F.2d 397, 405 (9th Cir. 1991).

22        The *pro se* complaint is devoid of facts sufficient to survive a *Twombly* analysis.  It also

23  comes woefully short of meeting the heightened pleading requirement for fraud under Rule 9(b).

24  The complaint fails to allege the "who, what, when, and where" with the requisite specificity.

25

26       [2]  The complaint asserts that this is not an action to quiet title. (Compl., doc. # 1 ¶ 5).  However, the prayer for

27  relief requests "reconveyance of said satisfied collateral free of levy and lien."  (*Id.*, ¶ V).  Plaintiff also asserts she has
suffered "loss of income and deformation [sic] of character. . ." however wholly fails to allege any facts supporting a

28  defamation claim.  (*Id.*, ¶ 5).

1        The reply prepared by counsel does nothing to cure those deficiencies, and instead focuses

2  on allegations of "robo-signing."  These allegations merely state that the documents relied upon by

3  defendant, with the exception of the deed of trust, have been robo-signed by "well known" robo-

4  signers.  These conclusory allegations are insufficient to satisfy Rule 9(b) and do nothing to shield

5  the fraud claims from dismissal.

6  **IV.**    **Conclusion**

7        Plaintiff has failed to meet the pleading requirements of Rules 8 and 9(b).  As a result, she

8  has failed to properly state a claim upon which relief can be granted.  The motion to dismiss is

9  granted.

10        Accordingly,

11        IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to

12  dismiss (doc. # 4) be, and the same hereby is, GRANTED.

13        IT IS FURTHER ORDERED that the clerk shall enter judgment accordingly and close the

14  case.

15        DATED February 6, 2014.

16

17                                 _____

18                            **UNITED STATES DISTRICT JUDGE**

19

20

21

22

23

24

25

26

27

28